UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NINA PETRUSHEV as Administrator of the
Estate of JAVOR PETRUSHEV, and
NINA PETRUSHEV, Individually,                    Case No.:

                    Plaintiffs,

        -against-                                COMPLAINT

THE UNITED STATES OF AMERICA,

                    Defendants.
-----------------------------------------------------------------x

## JURISDICTION

1.      This is a civil action brought to recover damages under 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. § 2675(a) for money damages to redress the injuries caused to the decedent and plaintiff, herein.

2.      Notice of Claim was served on July 15th, 2015 and an administrative denial was issued, dated June 21st, 2016.

3.      Venue is proper in the Southern District of New York 28 U.S.C. § 1391(b) in that the events at issue occurred in the Eastern District and the medical facility in question is a Federally funded clinic.

4.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## PARTIES

5.      At all times hereinafter mentioned, plaintiff, **NINA PETRUSHEV**, as Administrator of the Estate of Javor Petrushev, and Individually, was a resident of the City of White Plains, Westchester County but is now a resident of Palm Beach Gardens, Florida.

1

6. At all times hereinafter mentioned, plaintiff, **NINA PETRUSHEV** was the lawful wedded spouse of decedent, **JAVOR PETRUSHEV.**

7. At all times hereinafter mentioned defendant, **THE UNITED OF AMERICA**, is a public employer within the meaning of 28 U.S.C. § 1346(b) and § 2671, et seq.

8. The Department of Health & Human Services is an agency under the auspices of **THE UNITED STATES OF AMERICA.**

9. At all times hereinafter mentioned, defendant, **THE UNITED STATES OF AMERICA**, operated the **OPEN DOOR FAMILY MEDICAL CENTER, INC.**

10. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.** does business under the name of **PORT CHESTER OPEN DOOR** located at 5 Grace Church Street. Port Chester, New York.

11. At all times hereinafter mentioned, defendant, **THE UNITED STATES OF AMERICA**, employed medical and non-medical personnel at the **OPEN DOOR FAMILY MEDICAL CENTER, INC.** including **THOMAS YUEN, MD.**

12. Pursuant to 42 U.S.C. § 233(g), **OPEN DOOR FAMILY MEDICAL CENTER, INC.** is eligible for coverage under the Federal Tor Claims Act.

13. Pursuant to 42 U.S.C. § 233(a), **OPEN DOOR FAMILY MEDICAL CENTER, INC.** is deemed an employee of **THE UNITED STATES OF AMERICA.**

### AS AND FOR THE FIRST COUNT

14. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, owned a community health/medical center known as **PORT CHESTER OPE DOOR** located at 5 Grace Church Street, Port Chester, New York.

15. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, operated a community health/medical center known as **PORT CHESTER OPE DOOR** located at 5 Grace Church Street, Port Chester, New York.

16. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, controlled a community health/medical center known as **PORT CHESTER OPE DOOR** located at 5 Grace Church Street, Port Chester, New York.

17. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, managed a community health/medical center known as **PORT CHESTER OPE DOOR** located at 5 Grace Church Street, Port Chester, New York.

18. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, supplied and furnished medical and nursing personnel and services at the community health/medical center known as **PORT CHESTER OPEN DOOR** located at 5 Grace Church Street, Port Chester, New York.

19. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, employed physicians, nurses, and other medical and administrative personnel at the community health/medical center known as **PORT CHESTER OPEN DOOR** located at 5 Grace Church Street, Port Chester, New York.

20. At all times hereinafter mentioned, **THOMAS YUEN, MD** was one of the aforementioned physicians employed by **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, at its **PORT CHESTER OPEN DOOR FACILITY**.

21. At all times hereinafter mentioned, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, by its agents, servants and/or employees, agreed, and undertook, to faithfully, skillfully, diligently, and carefully, and in accordance with the approved and accepted standards

of practices and common usage, furnish and supply proper, necessary, and indicated diagnosis, care, treatment, attention, and supervision and make available all necessary and indicated personnel and services heretofore alleged.

22. At all times hereinafter mentioned, including August 1ˢᵗ, 2013, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, its agents, servant, and employees examined, cared for and/or treated decedent, **JAVOR PETRUSHEV**.

23. At all times hereinafter mentioned, including August 5ᵗʰ, 2013, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, its agents, servant, and employees ordered tests including MRI and blood tests, formulated differential diagnoses and otherwise examined, cared for and/or treated decedent, **JAVOR PETRUSHEV**.

24. At all times hereinafter mentioned, including August 12ᵗʰ, 2013, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, its agents, servant, and employees noted decedent's weight loss, inability to pen his mouth, inability to each, the increased swelling of his right lymph nodes but fails to obtain necessary tests or make necessary emergent referrals for decedent, **JAVOR PETRUSHEV**.

25. At all times hereinafter mentioned, including August 19ᵗʰ, 2013, **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, its agents, servant, and employees noted the "abnormal" results of decedent's CT Scan, noted the potential for the presence of a malignancy but, again, failed to obtain necessary tests or make necessary emergent referrals for decedent, **JAVOR PETRUSHEV**.

26. **THE UNITED STATES OF AMERICA**, its agents, servants and/or employees failed to recognize the significance of the tumor in decedent's neck having doubled in one

week's time, failed to timely consider the possibility of the presence of a malignancy, and erroneously continued prescribing antibiotics to decedent.

27. **THE UNITED STATES OF AMERICA**, its agents, servants and/or employees failed to understand the urgent nature of decedent's medical condition and undertake to obtain emergent referrals, consults, and tests to confirm the presence of the malignancy and have treatment of said malignancy started in a timely, efficacious, and necessary time frame.

28. At all times hereinafter mentioned, while the decedent, **JAVOR PETRUSHEV**, was under the care of **OPEN DOOR FAMILY MEDICAL CENTER, INC.**, its agents, servants and/or employees, ignored and/or disregarded decedent's health; failed and neglected to take proper and reasonable precautions to avoid causing injury and damage to decedent; and failed to utilize the accepted standards in the community pertaining to decedent's treatment and health.

29. At all times hereinafter mentioned, **THE UNITED STATES OF AMERICA**, is responsible for the acts and omissions of its agents, servants and/or employees.

30. At all times hereinafter mentioned, **THE UNITED STATES OF AMERICA**, is responsible for the acts and omissions of its agents, servants and/or employees employed at **OPEN DOOR FAMILY MEDICAL CENTER, INC. d/b/a PORT CHESTER OPEN DOOR**.

31. At all times hereinafter mentioned, as a result of the aforesaid omissions, improper, and insufficient treatment, decedent suffered and sustained serious and severe injuries, i.e., untreated tonsillar carcinoma, and was caused to suffer grievously and die.

32. At all times hereinafter mentioned, the aforesaid injuries, illness and death of decedent were occasioned and caused solely by the negligence, unskillfulness and

unprofessionalism of the defendant, **THE UNITED STATES OF AMERICA**, its agents, servants, and/or employees.

33. That by reason of the foregoing, decedent, **JAVOR PETRUSHEV**, became sick, sore, disabled; was injured about his head, neck and body; was caused to suffer physical pain; mental anguish and permanent bodily injury, including death; and expended sums of money for medical care and treatment.

34. That all of the foregoing occurred without any negligence on the part of plaintiff, **NINA PETRUSHEV** or decedent, **JAVOR PETRUSHEV**, contributing thereto.

35. As a result of the foregoing, plaintiffs have been damaged in an amount to be determined at the trial of this action.

36. The amount of damages sought in this action exceeds the jurisdictional limits of $75,000.00.

## AS AND FOR A SECOND COUNT

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 36.

38. Prior to and during the course of testing and treatment, or lack thereof, by the defendant, its agents, servants and/or employees, neither the decedent, **JAVOR PETRUSHEV**, nor his spouse, plaintiff, **NINA PETRUSHEV**, nor anyone on his behalf, were informed by the defendant, its agents, servants and/or employees, of the nature, complexity, and/or dangerous nature defendant's health center practices and neither decedent nor plaintiff: were informed of the risk and peril of injury, illness and the potential for decedent's death; were not informed that the lack of treatment could and would have serious complications to decedent's health, including death; and therefore, a valid and informed consent was not obtained by defendant, its agents,

6

servants and/or employees from decedent or plaintiff; that there was no reasonable disclosure and the defendant, its agents, servants and/or employees failed to present to decedent and/or plaintiff sufficient facts so that an intelligent and informed consent could be given; that the defendant owed to decedent and plaintiff a duty and obligation of making known to said decedent and plaintiff all risks of such conditions and the failure to do so interfered with a valid and informed consent as to such dangerous practices; and that any consent obtained was invalid by virtue of defendant's wrongful withholding from the decedent and plaintiff of necessary and critical information concerning decedent's medical condition and care; and any consents were not a valid and informed consent.

39. As a result of the foregoing, plaintiffs were damaged in an amount to be determined at the trial of this action.

40. The amount of damages sought in this action exceeds the jurisdictional limits of $75,000.00.

## AS AND FOR A THIRD COUNT

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 40.

42. That plaintiff, **NINA PETRUSHEV**, was and is the lawfully wedded spouse of decedent, **JAVOR PETRUSHEV**.

43. As a result of the negligence and medical malpractice as set forth hereinabove of defendant, its agents, servants and/or employees, plaintiff suffered mental and emotional anguish, incurred expenses, was caused to lose the love, society, financial support, services, consortium, and companionship of her loving spouse, and was otherwise permanently injured.

44. As a result of the negligence and medical malpractice of defendant, as set forth hereinabove, and without any negligence on the part of plaintiff or decedent, plaintiff suffered the loss of the love, society, companionship, consortium, and financial support and income of her loving spouse.

45. As a result of the foregoing, plaintiffs were damaged in an amount to be determined at the trial of this action.

46. The amount of damages sought in this action exceeds the jurisdictional limits of $75,000.00.

## AS AND FOR A FOURTH COUNT

47. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 46.

48. That plaintiff, **NINA PETRUSHEV**, is the duly appointed Administrator of the Estate of **JAVOR PETRUSHEV**.

49. As a result of the foregoing, decedent was injured and died as a direct result of the negligence and medical malpractice of defendants as set forth hereinabove.

50. That decedent left surviving his spouse, plaintiff, **NINA PETRUSHEV**, and his minor daughter, Stella Petrushev.

51. That the death of decedent resulted in plaintiffs incurring and experiencing special damages including, but not limited to: unreimbursed medical expenses and loss of income.

52. That the death of decedent resulted in Stella Petrushev, the infant daughter and issue of decedent and plaintiff, suffering the loss of parental guidance as a result of the death of her father, decedent.

53. As a result of the foregoing, plaintiffs were damaged in an amount to be determined at the trial of this action.

54. The amount of damages sought in this action exceeds the jurisdictional limits of $75,000.00.

**WHEREFORE**, plaintiffs demand judgment against the defendant on the First Count in an amount which exceeds the jurisdictional limits of $75,000.00; and judgment on the Second Count in an amount which exceeds the jurisdictional limits of $75,000,00; and judgment on the Third Count in an amount which exceeds the jurisdictional limits of $75,000,00; and judgment on the Fourth Count in an amount which exceeds the jurisdictional limits of $75,000,00; together with costs, interest, and disbursements of this action.

Dated: New York, NY
       June 22nd, 2016

*Law Offices of*
**JOSHUA A. SCHULMAN, LLC**

Joshua A. Schulman, Esq. (JAS-4806)
*31 East 32nd Street – 4th Floor*
*New York, NY 10016*
*(212) 509-4222*
*Attorney for Plaintiffs*

TO:

Department of Health & Human Services
Office of General Counsel/General Law Division/Claims Office
330 "C" Street, SW
Switzer Building – Ste. 2600
Washington, DC  20201

Natashsa Waglow, Esq.
United States Attorney
Southern District of New York
86 Chambers Street – 3rd Floor
New York, NY  10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NINA PETRUSHEV as Administrator of the
Estate of JAVOR PETRUSHEV, and
NINA PETRUSHEV, Individually,                            Case No.:

                      Plaintiffs,

  -against-                                              **COMPLAINT**

THE UNITED STATES OF AMERICA,

                      Defendants.
-----------------------------------------------------------------x


*Law Offices of*
**JOSHUA A. SCHULMAN, LLC**
*31 Eat 32nd Street – 4th Fl.*
*New York, NY 10016*
*(212) 509-4222*


Sir:  Please take notice, that an Order of which the within is a true copy will
      be presented for settlement to the Hon.
      one of the Judges of the within named Court, at
      on                ,     at 9:30 a.m.

Sir:  Please take notice that the within is a (certified) true copy of an
      duly entered in the Office of the Clerk of the within named Court on

Dated: New York, NY


                                        Yours, etc.

                                        *Law Offices of*
                                        **JOSHUA A. SCHULMAN, LLC**
                                        *31 East 32nd Street – 4th Fl.*
                                        *New York, NY 10016*
                                        *(212) 509-4222*